NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2241
_____

ALEXANDER LOPEZ-VALENCIA
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(Agency No. A206-509-070)
Immigration Judge: Shifra Rubin

_____

Argued on March 9, 2021

Before: SMITH, *Chief Judge*, McKEE and AMBRO, *Circuit Judges*

(Filed: July 6, 2021)
_____

Alexandra M. Goncalves-Peña
Catholic Migration Services
191 Joralemon Street, 4th Floor
Brooklyn, New York 11201

Ranganath Sudarshan
Covington & Burling
850 10th Street, N.W.
One City Center
Washington, DC 20001

Sara J. Dennis                (**Argued**)
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
        *Counsel for Petitioner*

Julie M. Iversen
Robert Michael Stalzer        (**Argued**)
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Washington, D.C. 20044
        *Counsel for Respondent*

_____

OPINION[*]

_____

McKEE, *Circuit Judge*.

Alexander Lopez-Valencia seeks review of the Board of Immigration Appeals'

denial of his application for asylum and withholding of removal. For the reasons that

follow, we will affirm the BIA's decision and deny the petition for review.[1]

**I.**

Our review is generally limited to the BIA's decision, but where, as here, "the BIA

adopted and affirmed the IJ's decision[] and order[] . . . [and] ma[de] an independent

analysis, we review both the IJ's and the BIA's decisions and orders."[2] We review legal

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of removal.
[2] *Ordonez-Tevalan v. Att'y Gen.*, 837 F.3d 331, 340–41 (3d Cir. 2016).

conclusions *de novo*,[3] and factual findings for "substantial evidence."[4] Under the substantial evidence standard, "findings of fact . . . [are] conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."[5]

For Lopez-Valencia to succeed, he must show that his "membership in a particular social group, or political opinion was or will be at least one central reason for [his] persecuti[on]."[6] The IJ found that Lopez-Valencia was credible and that the violent attacks he described "r[o]se to the level of past persecution,"[7] but concluded that he failed to prove that his past persecution was based on a protected ground. Instead, the IJ concluded that "the FARC was motivated to harm [Lopez-Valencia] purely for financial gain."[8]

Lopez-Valencia claims the BIA erred when it concluded that the IJ's failure to analyze the particular social groups he relied upon was harmless error. An error is harmless "when it is highly probable that the error did not affect the outcome of the case."[9] Here, any error by the IJ was harmless because it did not affect the outcome of the case. As the BIA noted, the persecution Lopez-Valencia established resulted from his failure to yield to FARC's extortionate demands.

---

[3] *Smriko v. Ashcroft*, 387 F.3d 279, 282 (3d Cir. 2004).
[4] *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 340 (3d Cir. 2008).
[5] *Id.* (internal citations omitted).
[6] 8 U.S.C. § 1158(b)(1)(B)(i).
[7] App. 15 (concluding that "(1) the murder of the respondent's father; (2) extortion of the respondent; and (3) the grenade attack on the respondent that occurred when he could not make his 'rent' payments . . . rise to the level of past persecution").
[8] *Id.* at 16.
[9] *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011).

Lopez-Valencia next argues that the BIA and IJ erred in their failure to analyze his imputed political opinion claim. Lopez-Valencia asserts that his attack on the FARC member who killed his father was "'perceived as an act of defiance against the FARC' and 'he was therefore persecuted on account of an anti-FARC political opinion *imputed* onto him by members of the FARC.'"[10] But, he argues, the IJ and BIA failed to analyze his imputed political opinion claim and instead erroneously analyzed two things: (1) his actual political opinion and (2) his father's imputed political opinion.

This argument fails, however, because the BIA analyzed Lopez-Valencia's imputed political opinion claim; it simply concluded that an alleged imputed political opinion was not the basis of his persecution. "In determining whether persecution existed on account of political opinion, we focus on whether the persecutor has attributed a political view to the victim and acted on that attribution."[11] Like Lopez-Valencia's claim about the PSGs to which he allegedly belonged, however, the BIA concluded that the FARC's persecution was based on extortion for monetary gain and that Lopez-Valencia did not "demonstrate[] that his real or imputed anti-FARC political opinion was at least one central reason for his mistreatment."[12]

In sum, we agree with the BIA that Lopez-Valencia's persecution "was not on account of a protected ground: either an actual or imputed anti-FARC political opinion or a particular social group."[13] This conclusion is supported by the record.

---

[10] Pet'r's Br. at 26 (quoting App. 32).
[11] *Singh v. Gonzales*, 406 F.3d 191, 196 (3d Cir. 2005).
[12] App. 7 (internal quotations omitted).
[13] *Id*. at 6.

4

**II.**

Accordingly, we will deny Lopez-Valencia's petition for review.